## Mason, et al. v. Tuell, et al.

(Decided December 3, 1914.)

Appeal from Jefferson Circuit Court
(Chancery, Second Division).

1.  Wills—Construction—Fee Simple—Limitation Over Void.—Where property is devised to the first taker in fee, a limitation over of what remains is void.
2.  Wills—Construction—General Power of Disposition—Estate Created.—Where the first taker is given a general power of disposition over the property devised, he takes a fee therein.
3.  Wills—Construction—Limited Power of Disposition—Remainder.—Where a will gave to the first taker the right to sell the estate and invest the proceeds for the interest of the testator's family, this did not constitute a general power of disposition, and a limitation over was valid.
4.  Wills—Life Estate—Claim for Support.—Where testator devised property to his widow, with power to sell and reinvest for the interest of his family, the widow took only a life estate, and upon her death testator's children took the property unencumbered by any claim for the widow's support.

DORSEY & DORSEY for appellants.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On March 31, 1895, Jesse Tuell, a resident of Jefferson county, Kentucky, died leaving a last will and testament, which, omitting the formal parts, is as follows:

"I give and bequeath all my property, both real and personal, to my beloved wife, Nancy M. Tuell, to use and manage as she thinks best as long as she shall remain unmarried, and my widow. I hereby give to her the full power and authority to sell any or all of my real estate at private or public sale, and invest the proceeds as she may deem best for the interest of my family; but, on her decease or marriage, any property remaining I give and devise to my children and their heirs respectively, to be divided in equal shares between them. No division of property shall be made to any of my children as long as my wife, Nancy M. Tuell, shall live and remain my widow. I do nominate and appoint my beloved wife, Nancy M. Tuell, to be the sole executrix without bond of this my last will and testament."

The testator was survived by his widow, Nancy M. Tuell, and five children—J. Elmer Tuell, Edgar C. Tuell, John W. Tuell, Lelia M. Anders, and Nettie P. Mason. His widow, Nancy M. Tuell, died on June 2, 1913. At the time of the testator's death he owned two lots in the city of Louisville, one with a frontage of 40 feet, and the other with a frontage of 60 feet. There were certain improvements on each lot. At the time of the death of Nancy M. Tuell neither of these lots had been disposed of.

Plaintiffs, J. Elmer Tuell, Edgar C. Tuell, John W. Tuell, and Lelia M. Anders, brought this action against their sister, Nettie P. Mason, and her husband, Alfred J. Mason, to sell the property on the ground of indivisibility. In addition to denying certain allegations of the petition, the defendant, Nettie P. Mason, pleaded that her mother was an invalid for ten years prior to her death. During that time she required constant attention. In consideration of this care and attention her mother agreed either to deed or devise the property to her. She died without doing so. The defendant, Alfred J. Mason, filed an answer and cross-petition, wherein he pleaded that he furnished board, care and attention to Nency M. Tuell for a period of ten years, with the understanding and agreement that he should be reasonably compensated. That the services which he rendered were reasonably worth the sum of $3,750. He asked that the property be sold and the proceeds first applied to the payment of his claim. To each of these answers and counter-claims a demurrer was sustained, and the answers and counter-claims dismissed. Alfred J. Mason and Nettie P. Mason appeal.

It is the contention of appellants that, under the will in question, Nancy M. Tuell, testator's widow, took either a fee or a life estate with power to consume so much of the property devised as was reasonably necessary for her comfortable maintenance and support. If she took a fee, the property is subject to the payment of her debts. On the other hand, if she had a life estate with power to use the estate for her comfortable maintenance and support, she had the right either to dispose of the estate and apply the proceeds to that purpose, or to contract with another for such maintenance and support, in which event the person performing the services would be subrogated to her rights in the property.

It is a well-settled rule of construction that where

property is devised to the first taker in fee, a limitation over of what remains is void; and where the first taker is given general power of disposition over the property devised, he takes a fee therein. Becker, &c., v. Roth, 132 Ky., 429; Commonwealth v. Stoll's Admr., 132 Ky., 234; Angel, &c., v. Wood, &c., 153 Ky., 195.

In this case, however, Nancy M. Tuell is not given a general power to use and dispose of the property as she may think best, but the right to sell the property is limited to sales made for the purpose of reinvesting the proceeds for the interest of the testator's family. It is, therefore, apparent that she is given no general power of disposition, but merely a limited power of disposition. That being true, she did not take a fee, and the limitation over is therefore valid. Johnson v. Powell, 160 Ky., 591. The serious question in the case is whether or not the widow took a mere life estate in the property devised or an estate with the right to consume, not merely the income, but a portion of the estate, for her maintenance and support. For the purpose of arriving at the intention of the testator, the whole will must be considered.

There is nothing in the will suggesting that she had a right of disposition of the property for her own benefit. The words "use and manage," considered in connection with the right to sell and invest the proceeds for the interest of the testator's family, conferred upon her no right to consume and sell the property for her support and maintenance alone. The only right to sell is for the purpose of reinvestment. When sold, the proceeds are to be used for the best interest of the testator's family, and not for the best interests of the widow alone. Whatever remained after such use was to go to the testator's children. We think it clear, therefore, that the widow, who never remarried, took only a life estate, and upon her death the testator's children took the property, unencumbered by any claim for the widow's support. It follows that the counter-claims of Alfred J. Mason and his wife, Nettie P. Mason, were properly dismissed.

Judgment affirmed.