## Browning, et al. v. Ashbrook's Executor, et al.

## Dedman, Administrator, et al. v. Browning, et al.

(Decided May 25, 1917.)

## Appeals from Harrison Circuit Court.

1. Wills—Intention of Testator—Construction.—The cardinal rule in the construction of wills is to ascertain the intention of the testator as gathered from the entire instrument.

2. Wills—Construction.—Where property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed of remainder of the property, the limitation over is void; but, where a life estate only is devised, with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death of the life tenant, is valid.

3. Wills—Construction.—Where a testator devised to his wife all of his estate except certain designated partnership property, and by a subsequent clause directed that his wife should have all of the estate as long as she remained his widow, and at her death two-thirds of his estate should go to his heirs, giving his wife the right to handle the remaining one-third and do with it as she pleased, and further giving her the power to act and to sell any property as she might think best, the wife took a life estate in the testator's entire estate, with power to dispose of one-third thereof by will, and with the further power to sell any portion of the estate and reinvest the proceeds during her lifetime.

EDWARD C. O'REAR and M. C. SWINFORD for appellants.

J. C. DEDMAN and W. S. CASAN for F. G. Ashbrook's administrator and heirs.

OPINION OF THE COURT BY JUDGE MILLER—Affirming in the first appeal and reversing in the second appeal.

Felix G. Ashbrook, of Harrison county, died in 1884, leaving a will and testament, which reads as follows:

"Cynthiana Ky July 27, 1884.

"This my Will and after my death I give to my Wife
E. W. Ashbrook all my property real and personal Except
the Cooper Shop and Mill and Distillery that I give to
my brother Samuel J. Ashbrook he to pay all of my Debts
and Debts of the Firm and in winding up the Firms
Estate my Wife is to take my place She is to have all
the proceeds of my Estate as long as she remains my
Widow at her death I want Two thirds of My Esstate to
go to my heirs and one third She can handle & do as
she pleases and I give my Wife the power to act and to
Sell any property as she may think best.
                                "Felix G. Ashbrook.
  "W. Tom Burns Attest
  "Attest C. R. Kimbrough"

Evidently, the will was not drawn by a skilled con-
veyancer. The photographic copy of the will shows it
to be in the handwriting of the attesting witness Burns.

Felix G. Ashbrook left his wife, Elizabeth W. Ash-
brook, surviving him. They left no children or descend-
ants of children. She took charge of her husband's es-
tate, consisting of a farm of 230 acres, in Harrison
county; a business house and a residence in Cynthiana,
and a substantial amount of personal property. Mrs.
Ashbrook sold the farm and the business house in Cynthi-
ana, and collected the proceeds. She died in 1916, leaving
a will by which she devised substantially all of the remain-
ing portion of the estate which she received from her hus-
band to her niece, Miss Elizabeth F. Browning.

Shortly after her death, her executor instituted this
action against Miss Browning, and the heirs at law of
Felix G. Ashbrook, and J. C. Dedman, administrator *de
bonis non* with the will annexed of the estate of Felix G.
Ashbrook, deceased, in which he set up with proper par-
ticularity the foregoing facts relating to the estates of
Felix G. Ashbrook and Elizabeth W. Ashbrook; calling
upon Felix G. Ashbrook's heirs and administrator to set
up any claim they might have to his estate; and, asking
a construction of his will.

For Miss Browning, it was claimed that Elizabeth W.
Ashbrook took a fee simple estate; while the heirs of Felix
G. Ashbrook contended that she took a life estate only,
with power to sell and reinvest the proceeds. The chan-
cellor, however, took a middle ground, and entered a
judgment holding that Elizabeth W. Ashbrook took a life

estate, with power to encroach upon the *corpus* thereof so far as it was necesary for her support and maintenance, according to her station in life, with the power to dispose of one-third of what remained after such encroachment.

As all of the parties were dissatisfied with the judgment of the chancellor, these two appeals were prosecuted; one jointly by Elizabeth W. Browning and the executor of Mrs. Ashbrook, and the other by the heirs of Felix G. Ashbrook and his administrator with the will annexed.

The only question presented upon this appeal is, What estate did Elizabeth W. Ashbrook take under her husband's will?

For Miss Browning, it is contended that the first sentence of the will gave Mrs. Ashbrook a fee simple estate, and that the case, therefore, comes within the rule declaring that an attempted devise over or limitation upon the fee simple estate created by the instrument, is void. Clay v. Chenault, 108 Ky. 77, is a leading case in Kentucky sustaining that doctrine. It is contended, however, for Felix G. Ashbrook's administrator and heirs, that his will does not bring the case within the class of cases represented by Clay v. Chenault, *supra*, but that this case belongs to the class represented by McCullough's Admr. v. Anderson, 90 Ky. 126, 7 L. R. A. 836, and Woodward v. Anderson, 145 Ky. 134, which announce the rule that where the will, taken as a whole, gives a life-estate to the first taker, a subsequent limitation upon the estate conveyed, is valid.

It is, of course, conceded by all parties that the cardinal rule in the construction of wills is to ascertain the testator's intention. If, therefore, it should be determined from the will, as a whole, that Felix G. Ashbrook intended to give his wife an absolute estate, the final limitation thereon is void; but, if it is apparent from the whole instrument that he intended to give her only a life estate, the limitation is valid, and must be made effective.

By eliminating the clause excepting the cooper shop, the mill and the distillery from the terms of the devise, as being independent and complete in itself, and by then applying the rule of construction that a will may be punctuated according to its evident sense, and sentences transposed to their grammatical and necessary positions, counsel for Miss Browning would make the will read as follows:

"1 give to my wife, E. W. Ashbrook, all my property, real and personal; and I give my wife the power to act and sell my property as she may think best. She is to have all my estate so long as she remains my widow. At her death I want two-thirds of my estate to go to my heirs, and one-third she can handle and do with as she pleases."

This translation of the will, however, not only transposes some of the terms of the will, but changes them for other and stronger terms. For instance, the will provides that Mrs. Ashbrook was to have all the "proceeds" of the testator's estate, and not that she is to have "all my estate," as the proposed translation puts it.

But, if we should omit the words relating to the settlement of the partnership in the clause relating to the excepted property, and the unnecessary words at the beginning of the will, it would read as follows:

"I give to my wife E. W. Ashbrook all my property real and personal, except the cooper shop and mill and distillery. . . . She is to have all of the proceeds of my estate as long as she remains my widow at her death I want two-thirds of my estate to go to my heirs and one-third she can handle and do as she pleases and I give my wife the power to act and to sell any property as she may think best."

We are not wanting in instructive precedents bearing upon the question before us.

In Woodward v. Anderson, *supra,* the testator's will contained this clause:

"I give and bequeath to my beloved wife, Mary C., all of my real estate, personal property, moneys, notes, and valuables that I may be possessed of at the time of my death, to be hers absolutely, to do with as she pleases during her lifetime."

By a subsequent clause he required any property remaining after his wife's death, to be sold and the proceeds distributed as directed by the will.

In construing that will, the court said:

"In wills of this character there are two classes of cases, holding:

"1. Where property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed of remainder of the property, the limitation over is void.

"2. Where a life estate only is devised, with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death of the life tenant is valid.

"Examples of the first class of cases are Clay and Others v. Chenault, 108 Ky. 77; Dulaney, et al. v. Dulaney, et al., 25 Ky. Law Rep. 1659; Becker, et al. v. Roth, et al., 132 Ky. 429; Nelson, et al. v. Nelson's Ex'r, 140 Ky. 410.

"In Clay, et al. v. Chenault, *supra*, the rule is thus stated:

" 'It seems to us that the decided weight of authority, if, indeed, there be any to the contrary, is to the effect that a will or deed, giving to the vendee or devisee full power to sell and convey, passes the absolute fee, and that any provision or devise over is absolutely void for the reason that it is inconsistent with or repugnant to the fee, and that it is wholly immaterial whether the power to sell or dispose of the property shall have been exercised or not. This view is not at all in conflict with the law which allows a power of appointment to be vested in one who merely owns a life estate in the property.'

"Examples of the second class of cases are McCullough's Adm'r v. Anderson, 90 Ky. 126; Pedigo's Ex'r v. Botts, 28 Ky. Law Rep. 196. . . .

"It is the contention of appellants that the will in question falls within the rule laid down in the first class of cases, because the property devised to Mary C. Hogan was given to her absolutely. Had the devise to Mrs. Hogan concluded with the word 'absolutely' there would have been no doubt as to the correctness of appellants' position. The devise, however, is further qualified by the clause 'to do with as she pleases during her lifetime.' We, therefore, conclude that the testator intended to give his wife only a life estate, with a general power of disposition. Under this power she might have disposed of all the testator's property and consumed his estate as she saw fit; having failed, however, to exercise this power, the limitation over what remained was valid, and the title to the property which remained undisposed of at the death of Mary C. Hogan, passed to the appellees as devisees under the will of her husband."

Likewise, in McCullough's Admr. v. Anderson, *supra*, the testator, Samuel McCullough, gave all of his estate to his wife during her life, with full and ample authority to dispose of the whole of it as she pleased, and at her death

whatever remained undisposed of by her should be distributed as directed by the will.

In construing McCullough's will, this court said:

"After a careful review of all the authorities to which our attention has been called, the rule sanctioned and followed is this: If the estate is given or devised generally and indefinitely with a power of disposition, it passes a fee, but when the devisor or grantor owning the fee gives to the first taker an estate for life, with the power to dispose of the fee, no greater estate is vested in the first taker than that carved out of the fee and vested in him by the devisor or grantor. He is given a life estate in express terms, and the failure to exercise the power gives the remainderman the fee, because no disposition having been made of it by the life tenant, he takes under the will or conveyance."

Again, in the same opinion, it was said that "if an estate be given to a person generally and indefinitely, with power of disposition, it carries a fee, unless the testator gives the first taker an estate for his life only and annexed to it a power of disposition. In that case the express limitation for life will control the operation of the power and prevent it enlarging the estate into a fee." To the same effect see Becker v. Roth, 132 Ky. 429; Pedigo's Extr. v. Botts, 28 Ky. L. R. 196, 89 S. W. 164; Huerkamp v. Huerkamp, 145 Ky. 194; Angel v. Wood, 153 Ky. 195; Hickman v. Moore, 160 Ky. 474; Sniveley's Trustee v. Sniveley, 162 Ky. 461, L. R. A. 1915 D. 153; and note in Ann. Cas. 1916 D. 400.

So if it appears from the will of Felix G. Ashbrook that he gave his wife a life estate only, with a general power of disposition, the limitation upon the estate therein devised to her is valid; and, if she was without power to dispose of the property during her life, except for investment, the case of the heirs of the testator is even stronger, since the power to sell and reinvest does not constitute a general power of disposition within the meaning of the rule above announced. Mason v. Tuell, 161 Ky. 392.

We think there can be no doubt that Felix G. Ashbrook intended to give his wife a life estate with the power to sell for reinvestment only, and with power to dispose of one-third of it, by will.

This is apparent from the very terms of the will, in which he gives her "all of the proceeds of my estate as long as she remains my widow," and "at her death" two-

thirds of his estate should go to his heirs, the other third to be hers, to be handled and disposed of as she pleased.

This conclusion is not inconsistent with the first clause of the will, which devised to the testator's wife all of his estate except the partnership property. The general words of gift there used were necessary in dividing the testator's property into two classes, giving one class to his brother, the other to his wife. As the brother took the excepted or smaller class, it was but natural that the draughtsman should describe the whole estate, and then add words of exclusion in taking therefrom the smaller portion of the estate that should go to the brother. After the property had been thus divided, and the brother having taken an absolute estate in his share, there would have been no necessity of saying anything further about the wife's interest if the testator had intended to give her a fee. But the testator then takes up the consideration of his wife's share, and while he plainly gives her all the proceeds or income for life or widowhood, he gives further directions as to its final disposition "at her death."

The term "proceeds" as used in the will means income. Offutt v. Beall, 30 Ky. L. R. 247, 97 S. W. 1113. But, there are no words from which it can be inferred that Ashbrook meant to allow his wife to encroach upon the *corpus* of the estate, or that only "what was left," should be distributed at her death, as was the case in Offutt v. Beall, *supra*. So, in the two respects that the will not only fails to give the wife a general power of disposition, but also provides for a life estate with remainder over, it falls outside the rule invoked by Miss Browning.

It is apparent that the general words of gift used in the opening sentence of the will, were intended merely as descriptive of the quantity of the estate devised to his wife, and were not intended to fix the quality of her estate. That was done in the subsequent clause which, otherwise, would be unnecessary and meaningless.

Furthermore, under the statute as it then stood, and in the absence of a will, the widow would have been entitled to the use of only one-third of his real estate for life. Knowing that, the testator was careful to enlarge his widow's share by giving her the use of all of his estate for life, with the right, at her death, to dispose of one-third of it absolutely. In this way she obtained the use for life of two-thirds of his real estate, to which she would not have been entitled in the absence of a will.

The remaining power to act and sell any property as she might think best was a mere power to sell and reinvest during her life, and thereby pass title. It did not enlarge her estate, in any respect. Webber's Gdn. v. Webber's Admr., 175 Ky. 525.

Without further reference to the many cases bearing upon the question, we conclude the chancellor was right in holding that Mrs. Ashbrook took a life estate only, under the will of her husband. We are of opinion, however, that in further holding she had the power to encroach upon the *corpus* of the estate, he was in error.

In the appeal of Elizabeth F. Browning and C. M. Jewitt, executor of E. W. Ashbrook, deceased, v. Felix G. Ashbrook's heirs and administrator, the judgment is affirmed; in the appeal of Dedman, Admr., &c. v. Elizabeth F. Browning, &c., the judgment is reversed, with instructions to the chancellor to enter a judgment in accordance with this opinion.