## Willie Maude Miller, et al. v. Maude Anderson Miller, et al.

(Decided February 16, 1923.)

### Appeal from Logan Circuit Court.

1. **Wills—Construction—Absolute Power of Sale in Wife.**—Under a will wherein the testator devised to his wife for life all of his property, real and personal, and provided that at her death all that remains be equally divided between their children, and then empowered the wife to sell and reinvest at any time she thought necssary "for the benefit of herself and our children," the wife had the absolute power of sale for reinvestment.

2. **Wills—Construction—Absolute Power of Sale in Wife—Discretion.**—Under such a will the wife has a reasonable discretion as to the use of any of the proceeds of the corpus of the estate not reinvested, for the maintenance and support of herself, and the maintenance, support and education of her children, it being contemplated by the testator in the language of his will that such use of a part of the corpus might become necessary.

WESLEY V. PERRY and R. W. DAVIS for appellants.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This appeal involves only the interpretation of the will of Wilbur R. Miller.

His will in full is as follows:

"I, Wilbur B. Miller, being of sound mind, do make my will as follows: I bequeath to my wife, Maude Anderson Miller, during her lifetime all that remains of my property, both real and personal after my funeral expenses and other just debts are paid. I will that at her death all my property that remains, be divided equally between our children. She may sell and reinvest the property, for the benefit of herself and our children, at

any time she thinks it necessary. I will that she be the guardian of our children.''

On submission the chancellor below in his judgment construed that will as follows:

''It is decreed and hereby adjudged that the testator, Wilbur B. Miller, devised to his wife, Maude Anderson Miller, an estate in all of his property for and during her natural life, and coupled thereto he did vest in his said wife power and authority to sell and dispose of all or any of the corpus of said estate as may be necessary to provide for the comfort, aid and support of his said wife, Maude Anderson Miller, and the aid, comfort, support, maintenance and education of his children; and further devised that all property remaining undisposed of at the time of the death of said Maude Anderson Miller should go to and be divided equally among the children of the testator born to the wedlock of said testator and Maude Anderson Miller. It is further adjudged by the court that the said Maude Anderson Miller shall exercise a reasonable discretion in determining the necessity and extent of the sale of any property which she may sell under said will.

''It is further adjudged by the court that said Maude Anderson Miller has the right to sell any or all of said property and reinvest the proceeds in such other property as she may desire, and, when reinvested, said property shall be held and owned as the original property. devised under said will and subject to all limitations and conditions hereinbefore set out.''

From that judgment, so interpreting the will, the infant children, through their guardians ad litem, prosecute this appeal.

The specific objection to the judgment by appellants is that the language of the will should not be construed so as to enlarge or extend the life estate expressly given to the widow; that the fact the testator has coupled with the devise to his wife for life a power to sell and reinvest for the benefit of herself and his children is not a general power or right of disposition given to the widow so as to increase or extend the estate given to her, and that, therefore, the judgment of the court insofar as it authorizes her to sell and dispose of such part of the corpus of the estate as may be necessary to provide for the comfort, aid and support of the wife, and aid, comfort, support, maintenance and education of the children is an un-

authorized enlargement of the estate given to the wife, and that the power given to sell and reinvest does not constitute a general power of disposition to sell and appropriate the proceeds.

We do not understand from the language of the judgment that it gives or intends to give to the wife an unrestricted power to dispose of the proceeds, except by reinvestment, of such of her husband's property as she may in the exercise of the power given see proper to sell; on the contrary it is only adjudged therein that decedent did vest in his wife the power and authority to sell and dispose of all or any of the corpus of the estate which might be necessary to provide for her comfort, aid and support and the aid, comfort, support, maintenance and education of their children, and there is coupled with this the admonition that the widow shall exercise a reasonable discretion in determining the necessity and extent of the sale of any property held under the will. We understand this to mean that while the power of the widow to sell any of the property "at any time she thinks it necessary" is unrestricted, the right to dispose of the proceeds of any such sale except for reinvestment is limited to such purposes as may be "for the benefit of her and our children." The power thus given to encroach upon the corpus of the estate was given for a specific purpose, that is, for the benefit of herself and their children, and there is coupled with this power the appointment by the testator of his wife as the testamentary guardian of the children.

These provisions of the will unmistakably evidence by the testator great confidence in the business capacity and sound judgment of his wife, but they are not to be construed as giving her an unrestricted power to dispose of the proceeds of such sales except for the express purposes pointed out. There is no restriction upon her power to sell for reinvestment "at any time she thinks necessary," but there is clearly a restriction upon her power to dispose of any of the proceeds of the corpus of the estate except for reinvestment, to such purposes as may be "for the benefit of herself and our children."

Counsel for appellants, in contending that the lower court has unduly extended the life estate expressly given to the widow, and that she was not given the right to encroach upon the corpus of the estate, rely upon the case of Browning v. Ashbrook, 175 Ky. 755. In that case the

testator devised to his wife a life estate in all of his property "as long as she remains my widow, at her death I want two-thirds of my estate to go to my heirs and one-third she can handle and do as she pleases, and I give my wife the power to act and sell any property as she may think best," and the court held the wife took a life estate in the entire estate, with the power to dispose of one-third thereof by will, and with the additional power to sell any part of the estate and reinvest the proceeds during her lifetime, but denied her the right to encroach upon the corpus of two-thirds of the estate.

In the first place there was no language used there which gave to the widow any authority beyond the right to sell the property, and by no fair implication could she have been adjudged the right to encroach upon the corpus of the estate. The testator had given his wife the income from all his property during her life, and the parties neither had children nor descendants, and there is nothing in the instrument suggestive that the testator thought any state of case might arise which would necessitate the use by his wife of any part of the corpus. On the contrary, in this case the testator had seven children, and not only expressly authorized the sale for reinvestment of any part of his property by his wife "for the benefit of herself and our children," but expressly provides that at the death of his wife "all my property that remains" shall be divided equally between our children. In the one case the testator having no children did not contemplate the necessity of his wife's encroaching upon the corpus, while in the other the testator having seven children, clearly intended the corpus might be encroached upon "for the benefit of herself and our children."

Reliance is also had by appellants on the case of Mason v. Tuell, 161 Ky. 392. In that case the testator devised his property to his wife to use and manage as she thought best as long as she remained his widow, and then gave her the full power and authority to sell any or all of the real estate "and invest the proceeds as she may deem best for the interest of my family," and at her death devised the property to his children in equal shares. In that case it does not appear that the widow had sold for reinvestment or otherwise any part of the testator's property during her lifetime or that she had undertaken in any way to encroach upon the corpus of the estate; but after her death one of her daughters with

whom she had lived, and the husband of that daughter, asserted a claim for board, care and attention to the widow, and claimed she had a life estate with power to use the estate for her comfortable maintenance and support, and had the right either to dispose of the estate and apply the proceeds to that purpose or to contract with another for such maintenance and support. In holding that the widow had no such estate as might be subjected after her death the court said: "There is nothing in the will suggesting that she had a right of disposition of the property for her own benefit. The words 'use' and 'manage' considered in connection with the right to sell and invest the proceeds for the interest of the testator's family, conferred upon her no right to consume and sell the property for her support and maintenance alone." In that case it was sought to subject after the death of the wife the property of the testator and sell the same to pay an obligation of the wife alone for support and maintenance when the wife herself had not exercised the power given to her in her husband's will to sell the property and invest the proceeds for the interest of his whole family.

Looking to the contents of the whole instrument in this case we think the judgment of the circuit court, as we interpret it, properly contrued the decedent's will, and that while she has an absolute discretion as to sales for reinvestment, her discretion as to the other use of any of the proceeds from the corpus of the estate is one which must be reasonably exercised by her for the joint benefit of herself and children.

Judgment affirmed.