## Shirley, et al. v. Graham, Executor, et al.

(Decided December 14, 1923.

Appeal from Washington Circuit Court.

1. Appeal and Error—Findings of Chancellor Accepted as True in Absence of Evidence.—Evidence on the trial not being in the record upon appeal, findings of the chancellor must be accepted as true.

2. Executors and Administrators—Court Erred in Ordering Sale of Land for Payment of Undetermined Amount of Indebtedness.—Since a court has no power to order a sale of more land than is necessary to pay the debts of decedent without proof of indivisibility, chancellor erred in ordering a sale of a tract as a whole for the payment of an undetermined amount of indebtedness against decendent's estate.

3. Wills—Widow Held to Take Only Life Estate and Sale of Land for Support Not Authorized.—Will bequeathing to wife entire estate, to have and use as hers during her natural life, everything to be sold and distributed at her death to testator's legal heirs, held to give the wife only a life estate and not to warrant sale of land for the widow's support, notwithstanding she became paralyzed and a helpless invalid.

4. Wills—Intention of Testator as Expressed Must Control.— Testator's intention as expressed must control, and the courts are never warranted in presuming an intention not expressed.

5. Wills—Life Estate Not Enlarged to Accomplish Testator's Unexpressed Wish.—The fact that a plain, unambiguous devise of a life estate will not provide for devisee's support, as may have been expected by the testator, affords no reason for disregarding the prescribed means and substituting another therefor, in order to accomplish an assumed or unexpressed purpose.

OSSO W. STANLEY and POLIN & POLIN for appellants.

W. F. GRIGSBY, W. C. McCHORD and C. M. McCHORD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This action was instituted by the executor and widow of George W. Shirley, deceased, against his heirs, two sons and the children of two deceased daughters, seeking a sale of a sufficiency of his real estate to pay his debts and to pay for the support of his widow, who, since his death, has become a confirmed invalid. A copy of the will was filed with the petition, and it was alleged that the personal property of the decedent was insufficient to pay his debts, and that the income from his real estate was insufficient to pay the necessary expenses of supporting and caring for the widow.

A son, Oscar Shirley, filed an answer asserting a claim for $1,500.00 for the support of his mother, and joined in the prayer of the petition for a sale of a sufficiency of the land to pay his claim. The other defendants filed answer, cross-petition, and counterclaim, in which they denied that there were any debts against the estate of the decedent, or that the income from his real estate was insufficient to support his widow, or that his estate was liable for her support, and asking for a construction of his will. They also filed a demurrer to the answer of Oscar Shirley.

The cause was referred to the master commissioner for a settlement with the executor, and with directions to hear proof and report properly proven claims against the estate of the decedent, and the indebtedness of his widow for her necessary support and maintenance since his death. The master filed a report, to which exceptions were filed. The cause was then submitted on the pleadings and oral testimony, which the judgment recites was heard by the court by agreement of the parties.

The chancellor found that there was "a considerable amount of debts against the estate of the decedent," which were unpaid, without fixing the amount; that the income from his real estate was insufficient to support his wife; that, by the terms of his will, the support and maintenance of his widow during her natural life was chargeable against his estate; and, that a portion of his land could be sold for that purpose without impairing the value of the residue. He thereupon ordered a sale of one of the four tracts left by the decedent, containing 54 acres, to the highest and best bidder, and directed the son, Oscar Shirley, to continue to care for his mother, and provided that he would be paid a reasonable sum as compensation out of the proceeds of the land ordered sold, and that the amount thereof "will be determined and fixed by a future order of this court."

From that judgment the defendants, other than Oscar Shirley, have prosecuted this appeal.

The evidence heard upon the trial is not here, and we must accept as true the finding of the chancellor that there are unpaid debts against the estate of the decedent, for the payment of which a sale of a sufficiency of the land could have been ordered, but the amount of such indebtedness is not adjudged, nor was it alleged or adjudged that the 54 acre tract of land ordered sold was indivisible.

Since a court has no power to order a sale of more land than is necessary to pay the debts of a decedent without proof of indivisibility, it is apparent that the court erred in ordering a sale of the 54-acre tract as a whole for the payment of an undetermined amount of indebtedness against decedent's estate.

But a more serious question presented by the appeal, as is conceded by counsel for appellee, is whether or not any of decedent's land could be sold for the support, after his death, of his widow. This, of course, depends upon his will, which reads as follows:

"Know all men by these presents:

"That I, G. W. Shirley, being of sound mind and memory do make this my last will and testament, to-wit:

"First: I will that all of my just debts and funeral expenses shall be fully paid and satisfied.

"Second: I will and bequeath to my beloved wife Nancy E. Shirley all the remainder of my estate both real and personal to have and use as hers during her natural life, and at her death I want everything sold and distributed to my legal heirs in equal shares, with one ex-

ception, viz.: Eva Reed, my granddaughter, has now in her possession one sewing machine and one organ which I now give her and same shall not be charged to her again.

"Third: I appoint W. L. Graham executor of this will, and require that he shall act without bond.

"In testimony of which witness my signature on this September 22nd, 1916.

"G. W. SHIRLEY."

The affection of the testator for his wife is clearly expressed, and it easily is presumable therefrom that he desired to provide out of his estate for her welfare and comfort so long as she might live after his death, and thought he was doing so, but it is equally clear that he decided for himself and provided just how he wanted it accomplished, that is, by giving to her a life estate in all of his real and personal property after the payment of his debts and funeral expenses.

That he did not provide that she should have a larger interest in his estate than this in any circumstances is not only clearly expressed, but confirmed by the provision that at her death he wanted "everything" sold and distributed to his legal heirs in equal shares, with a single named exception. That he probably would have made a different provision for her if he could have foreseen that she would be paralyzed and rendered a helpless invalid for years, requiring constant nursing and medical attention, does not authorize a court, under the guise of construction, to disregard what he actually did and take care of such an unforeseen and unprovided for contingency upon the presumption, however reasonable, that under the circumstances he would have wanted it done. It is the intention of the testator as expressed by him that must control the courts in the construction of his will, and they are never warranted in presuming an intention not expressed.

It is regrettable that the testator did not charge his estate with his wife's comfortable support during life under any circumstances, instead of assuming, as he doubtless did, that the income from his property would be sufficient for the purpose. The mere fact that the plain and unambiguous provision made by a will does not accomplish what may have been expected of it by the testator, affords no reason for disregarding the prescribed means and substituting another therefor in order to accomplish an assumed or unexpressed purpose. Fowler v. Mercer's Exor., 170 Ky. 353, 185 S. W. 1117.

That the testator gave his wife only the use of his property for life seems to us too clear for argument, and as counsel for appellees were unable to cite a single case to support a contrary construction, we do not deem it necessary to do more than cite a few of the many cases from this court which sustain our conclusion that she took merely a life estate in his real estate. Wright, etc. v. Singleton, 190 Ky. 657, 228 S. W. 38; Simpson v. Simpson's Extr., 189 Ky. 536, 225 S. W. 495; Rice, etc. v. Fields, etc., 192 Ky. 161, 232 S. W. 385; Mason, etc. v. Tuell, etc., 161 Ky. 392, 170 S. W. 950.

This being true, the court erred in ordering a sale of any of the land to pay for her support since his death.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.