Virginia Noe ALFORD et al.,
Appellants,

v.

The KENTUCKY TRUST COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Wallace & Hopson, Louisville, for appellants.

Henry J. Tilford, Louisville, for appellee Kentucky Trust Co.

Leon Seidman, Louisville, for appellee Martha B. Alford, infant.

Ed P. Jackson, Jr., Louisville, for appellees Stuart R. Paine III, David B. Paine, Virginia T. Paine, Maurice T. Paine III, Mary T. Paine and Peter S. Paine, infants.

WADDILL, Commissioner.

This appeal concerns the construction of the will of Alphonso L. Noe, admitted to probate in the Jefferson County Court on January 15, 1951. The will established a residuary trust (or trusts) in behalf of the testator's two daughters, Virginia Noe Alford and Ruth Noe Paine, for life, with gifts over to named grandchildren for life and final vesting in his great grandchildren.

The testator's estate consisted of 21,358 shares of stock in the Lincoln Income Insurance Company and a $14,500 note due testator from Virginia Noe Alford.

During the course of the administration of the estate, the executor filed a petition for advice, asking the court to determine how it should distribute the income it had received; and, also, to decide whether the $14,500 note had to be paid by appellant, Virginia Noe Alford, out of income due her from the estate.

In answering these questions it was necessary for the court to consider the following portions of the will of Alphonso L. Noe:

"Item IV. All the rest and residue of my estate, real, personal and mixed, of every kind and description, including all property over which I possess the power of testamentary disposition and the note for $14,500.00 executed to me by my daughter, Virginia Noe Alford, * * * I bequeath and devise in trust to the Kentucky Trust Company, upon the following terms and conditions: * * *.

"Item V. During her natural life said trustee shall pay the income from one-half of said trust estate to my daughter, Virginia Noe Alford, in quarterly, semi-annual or annual installments as may be most convenient, provided, however, that the one-half of said trust estate the income from which shall be paid to my said daugh-

ter shall include the note for $14,500.-00 mentioned in Item IV of my will until and unless the same is liquidated by the makers."

■ The court held, that during the administration of the estate, the income from 9,471 shares of the Lincoln Income Stock was to be distributed to appellant, Virginia Noe Alford, and the income from 11,887 shares to Ruth Noe Paine. The difference in number of shares being 2,416, which if valued at $6 per share is equal to the $14,500 note. The court also held that the $14,500 note charged by the will against Virginia Noe Alford's portion of the estate did not have to be paid out of income due (or to become due) the appellant, Virginia Noe Alford. Since there was no appeal prosecuted from this order the questions raised by appellant concerning it are not subject to review.

Subsequently another petition for advice was filed, the result of which was a judgment ordering the trustee to set up two separate trusts and to place in the trust for Virginia Noe Alford and her descendants, at par value, the $14,500 note and a sufficiently less number of shares of the Lincoln Income Insurance Company Stock at $20 per share to equal the value of the trust set up for Ruth Noe Paine and her descendants. The court also held that the $14,500 note should be liquidated by Virginia Noe Alford, out of the income from her trust, at a rate of $870 per year. This was a modification of the first order of the court rendered on the first petition for advice.

The long established and universally recognized guide for the construction of wills is that the testator's intention, unless contrary to an established principle of law, must prevail. Conlee v. Conlee, 300 Ky. 685, 190 S.W.2d 43.

■ In "Item V" and throughout testator's will, he speaks in the singular when referring to a "trust estate." It is clear that he was contemplating one trust when he said, "said trust estate." Testator's intention as expressed must control and the courts cannot presume an intention not expressed. Shirley v. Graham, 201 Ky. 339, 256 S.W. 718. And it is apparent that testator intended to treat his beneficiaries equally. This is shown by the inclusion of the $14,500 note in Virginia's share, which testator considered as an advancement.

■ Since the testator did not intend to discriminate between his beneficiaries, such intention should not be perverted by a construction of the will which would require the setting up of two separate trusts. When the circuit court permitted two trust estates to be established it required a value be set upon the stock for the purpose of division of the stock into two trusts. One year after testator's death, the court valued this stock at $6 per share. Less than two years after testator's death the same stock was again valued at $20 per share and its market value has since increased each year. It can readily be seen that to place any arbitrary value upon this stock for the purpose of dividing the stock between the two separate trusts, with the $14,500 note to be valued at par in arriving at the amount of Virginia Noe Alford's trust, would discriminate in favor of Ruth Noe Paine, which the testator never intended. We therefore hold that the testator intended only one trust.

The circuit court also directed the trustee to:

"* * * withhold from the income from such trust otherwise payable to Virginia Noe Alford, $870.00 each year * * *, and to apply the same as credits on said note until said note is fully paid, unless said defendant, or her husband, M. C. Alford, should acquire assets, discoverable by said Trustee by the exercise of ordinary care out of which said note might be collected, in which event it shall become the duty of the Trustee to endeavor

to collect said note or any portion thereof remaining unpaid."

We agree with the circuit court that, in the event the executor or trustee could not discover funds in the hands of Virginia Noe Alford which could be used to retire the note, the testator intended that the note should be paid from Virginia's share of the trust income. We disagree with the court's order directing that the Alfords' note of $14,500 should be liquidated at the rate of $870 per year out of the income due Virginia from the trust. We think it was the testator's intention that if the note could not otherwise be collected, it would become the duty of the trustee to withhold all income due appellant, Virginia Noe Alford, and to apply the same to the note until fully paid.

We therefore direct that the circuit court enter a judgment which will establish one trust, the income from which to be divided equally between Virginia Noe Alford and Ruth Noe Paine, but in the event Virginia Noe Alford is unable to liquidate the note from other sources, the trustee shall apply her income from the trust to the note until it is fully paid.

The judgment is reversed in part, affirmed in part, with directions to enter a judgment not inconsistent with this opinion.