## Nelson et al. v. Nelson et al.

(Decided December 18, 1931.)

CHARLES E. HERD for appellants.

N. R. PATTERSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This case involves the construction of the will of Martha C. Nelson, which reads:

"I, Martha C. Nelson, wife of Albert N. Nelson, of Middlesboro, Kentucky, being of sound mind and disposing memory do make and publish this my last Will and Testament:

"Item No. 1. It is my will and desire that at my death my body be decently buried; and that my just debts, including funeral expenses shall be paid.

"Item No. 2. I will and devise to my beloved husband, Albert N. Nelson, all of my estate, real, personal and mixed, wherever situated, which I may own or have the right to dispose of at the time of my death, excepting however, a sufficient sum of money to provide for the bequest hereinafter provided for.

"Item No. 3. It is my desire that my said husband before his death shall make provision for a bequest to be paid after his death of Three Hundred Dollars ($300.00) to my beloved granddaughter, Tensy Chapman, wife of Boyd Chapman, or that he pay the same at any time he may desire so to do.

"Item No. 4. It is my desire that my said husband before his death shall make provision for a bequest to be paid after his death of fifty dollars ($50.00) to each of my beloved grandchildren, Ola Nelson, Ada May Nelson and William Nelson, the children of my son Floyd Nelson, deceased, or that he pay the same at any time he may desire so to do. I desire this done as a token of remembrance and affection, having advanced to these children's father, Floyd Nelson, during his life, money and real estate more than he would receive as a child's part.

"Item No. 5. It is my desire that before his death my said husband shall make provision for a a devise to my beloved sons, J. W. Nelson, and Roscoe Nelson, share and share alike, of such of my estate, real and personal, as may be owned or possessed by my said husband at the time of his death.

"Item No. 6. I nominate and appoint my said husband, Albert N. Nelson, my executor of this my last Will and Testament, and I request that no bond be required of him as such, and I further request

that no inventory of my estate be made or taken so far as the same be lawfully omitted.

"Dated at Middlesboro, Kentucky, this the 4th day of April, 1930.

"Martha C. Nelson."

Martha C. Nelson died on June 1, 1930, and her husband, Albert N. Nelson, died intestate on July 27, 1930. J. W. Nelson and Roscoe Nelson brought an action in the Bell circuit court to settle the estates of Martha C. Nelson and Albert N. Nelson. The other heirs of the decedents and certain creditors were named as defendants. The will of Martha C. Nelson was set up in an amended petition, and it was alleged that by the provisions of the will Albert N. Nelson took a life estate in his wife's property, and that, after the payment of the specific bequests provided for in items 3 and 4 thereof, plaintiffs, who are the appellees here, take what remained at the death of Albert N. Nelson. The chancellor overruled a demurrer to the petition as amended, the defendants declined to plead further and have appealed. The order overruling the demurrer is treated by the parties as a judgment construing the will in accordance with the prayer of the amended petition.

It is appellant's contention that the will gave to Albert N. Nelson fee-simple title to all the decedent's property except a sufficient amount to pay the small money bequest to her grandchildren named in items 3 and 4, and they cite and rely on Gilligan v. Louisville & Nashville R. Co., 195 Ky. 1, 240 S. W. 739, Craig v. Radelman, 199 Ky. 501, 251 S. W. 631, and Alexander v. Hendricks, 201 Ky. 677, 258 S. W. 81. As said in Walker v. Walker's Administrator, 239 Ky. 501, 39 S. W. (2d) 970, 971:

"The rule deducible from these cases (and others that might be cited sustaining their holding) is that, 'after a clause in a testamentary paper making a devise in fee, without limitation, to a named person, there can be no limitation put on such devise by any subsequent section or paragraph of the paper, and further that where a fee is devised there can be no remainder and any attempt on the part of the testator to limit or curtail the fee by a subsequent paragraph or provision in the testamentary paper will be ineffectual.' "

In the construction of a will, the intention of the testator is primarily the question to be determined, and technical rules of construction will not be employed where his intention is manifest from a reading of the entire will. In Ewering v. Ewering et al., 199 Ky. 450, 251 S. W. 645, 646, the second clause of the will there under consideration read: "I leave the balance of my estate, real and personal, to my beloved wife." A subsequent clause read: "At my wife's death, I want her share to go to our children." The will was construed to devise to the wife only a life estate in the property covered by the second clause of the testator's will. In the course of the opinion it was said:

> "Following the ancient rule the courts of some of the states, including some early opinions from this one, held that, when an absolute fee was first given, and which includes the unlimited power of disposition, it could not be limited or cut down by a following or subsequent clause; but more recently this court has held that, since a will is not complete until all of it is written and duly executed by the testator, and since the first clause giving an absolute estate is not effectual for any purpose until the will is executed, and, if the testator, before doing so, inserts a sentence or clause qualifying the absolute one, thereby manifesting his purpose and intention not to devise an absolute estate by the first sentence or clause he used, his intention so manifested would be given effect; but, if the subsequent clause was so worded as not to destroy the power of the devisee to exercise the chief right of an absolute owner to dispose of and consume the property, it would be construed as not qualifying or limiting the absolute estate first given, and therefore ineffectual for any purpose. If, however, the subsequent clause was such as to destroy the power of disposition in the first and apparently absolute taker, and itself made disposition of the entire property after his death, then he would take only a life estate, the same as if it was expressly so stated in the will, upon the ground that such a construction clearly conformed to the plainly manifested intention of the testator."

The modern tendency of practically all courts is to discard, where it can be done, all technical rules of con-

struction formerly employed in the interpretation of wills, and to ascertain and enforce the intention of the testator as gathered from the will in its entirety. This rule is firmly established in this jurisdiction. Walker v. Walker's Administrator, supra; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90; Parepoint v. Parepoint's Administrator, 228 Ky. 639, 15 S. W. (2d) 513; State Bank v. Rose's Administrator, 219 Ky. 562, 293 S. W. 1087; American Christian Mission Society v. Tate, 198 Ky. 621, 250 S. W. 483.

Applying this rule to the will in the instant case, it is clear that the testatrix intended to give to her husband a life estate in all of her property, and, at his death, after the payment of the special bequests mentioned in clauses 3 and 4 of the will, that her sons, J. W. Nelson and Roscoe Nelson, should have the remainder of her estate. The second clause of the will, in which she devised all of her estate to her husband, contained a clearly expressed exception which indicated that this clause should be read in connection with the subsequent clauses. Clause 4 provided for bequests of $50 to each of her three grandchildren, the children of a deceased son, and the reason for not giving a full share to them is stated; i. e., that she had advanced to their father during his lifetime more than a child's part of her estate. A reading of the entire will leads to the inescapable conclusion that the testatrix intended to give to her husband a life estate in her property and, after the payment of the money bequests to her grandchildren, to give the remainder of her estate to appellees after the death of her husband.

The lower court having so construed the will, the judgment is affirmed.