# Taylor et al. v. Taylor.

(Decided Dec. 1, 1936.)

DUNCAN & DUNCAN for appellants.

E. BERTRAM for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On the day before his 89th birthday, Britton Taylor executed the following will:

"I, Britton Taylor born Nov. 5th, 1845, being of sound mind and memory, but knowing that all men must die, I now make my last will and testament:

"After burial and funeral expenses are paid, I want my wife Mary F. Taylor, to have during her life and as long as she remains my widow, all my real estate, and all my personal property, in the house and out of the house, then at her death and her burial and funeral expenses are paid, the remainder of the personal and real estate property to be equally divided between all my blood heirs, except Annie Taylor, and Charlie Taylor, I will One Dollar each."

When he died about two months later, he was survived by his widow, Mrs. Mary Taylor, and eight children. His estate consisted of both realty and personalty of $4,000 to $5,000 in value. This suit was filed by the children against the widow to obtain a construction of the will.

The court adjudged that under the terms of the

will the widow took a life estate in the property, with the power to hold and use it for her support and comfort, including the power of disposition as she deemed it necessary for that purpose, with the remainder of such property as might be on hand at the time of her remarriage or death to go to the blood kin of the testator. The children appeal from that judgment.

We cannot concur in the chancellor's construction. The interpretation is not far from being equivalent to giving the widow the entire title in fee, for it gives her an unlimited discretionary power of disposition. Of course, the word "remainder" is sometimes used in the sense of meaning what is left of the property, or that which has not been consumed or disposed of. It is not unusual for the word to be given that meaning in construing wills. But in such cases the context or the entire will manifests a purpose to give the life tenant, or first taker, the right to encroach upon and use the corpus of the estate. In a legal sense, it is what is left of the entire estate or title after a preceding part has been disposed of, and whose regular termination the remainder must await. Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874. There is nothing in the will at bar that indicates to us any purpose that the widow should have the right of encroachment or consumption of the corpus of the estate. Nor does it devise her the property in its entirety and then undertake to make disposition of what she might not use. The devise is expressly "to have during her life and [or] as long as she remains my widow." In Shirley v. Graham, 201 Ky. 339, 256 S. W. 718, 719, the testator devised his net estate to his widow "to have and use as hers during her natural life, and at her death I want everything sold and distributed to my legal heirs in equal shares, with one exception." In holding the widow had only a life estate, the court said:

> "That he did not provide that she should have a larger interest in his estate than this in any circumstances is not only clearly expressed, but confirmed by the provision that at her death he wanted 'every thing' sold and distributed to his legal heirs in equal shares, with a single named exception. * * * It is the intention of the testator as expressed by him that must control the courts in the construction of his will, and they are never warranted in presuming an intention not expressed."

Since there is no expression of contingency, we do not see any necessary implication from the language of the will of a right to encroach upon the principal as was found in Trustees Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237. There the bequest of a life estate was coupled with the phrase, "and at his death should there be anything left." See, also, Mason v. Tuell, 161 Ky. 392, 170 S. W. 950; Harrington v. Layton, 200 Ky. 630, 255 S. W. 271; Lanciscus v. Louisville Trust Co., Executor, 201 Ky. 222, 256 S. W. 424.

We think the judgment should have been that the widow was devised a life estate only, together with a charge upon the remainder to pay her funeral expenses, and that such devise is subject to be lost by her .remarriage.

The judgment is accordingly reversed.