## Cottrell et al. v. Cottrell.

October 24, 1947.

Wm. B. Ardery, Judge.

Bradley & Bradley, Thomas K. Shuff, Guardian ad litem and Harry B. Miller for appellants.

J. C. McKnight and Leslie W. Morris for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This action was instituted by Carrie L. Cottrell, widow of Owen C. Cottrell, for a construction of the will of Owen C. Cottrell, and for a determination of her interest under the will.

The petition alleged that under the will the plaintiff takes a life estate in testator's real estate with power of encroachment for necessities. It further alleges that there was not enough personal property to satisfy the debts for administration expenses, and that it became necessary to sell some real estate for that purpose; that certain real estate was sold which brought $2,937.05 in excess of the amount necessary for these purposes, and that there exists a difference of opinion between the

plaintiff and defendants as to the rights of the parties to this balance, that is, as to whether it should be reinvested in real estate as claimed by appellants herein, or should be placed at the disposal of the plaintiff for her use and benefit as an encroachment upon the principal.

The will reads as follows:

"First.—After payment of my just debts and funeral expenses, I give, bequeath and devise all my estate, real and personal, of every kind and nature, wherever situated (except as stated in section Two (2), to my wife Carrie L. Cottrell, so long as she remains my widow.

"Second.—I bequeath my watch and chain to my nephew, B. F. Cottrell, of Stamping Ground, Ky.

"Third.—After my death my widow is directed to purchase and have erected a nice monument to cost from $500.00 to $1000.00 to be placed at our graves.

"Fourth.—My widow Carrie L. Cottrell shall have the power to sell any real estate that I may have at the time of my death, but she shall re-invest the money obtained from said sale again in real estate.

"Fifth.—If my widow Carrie L. Cottrell, should marry again after my death, then I direct that she shall not sell any real estate that she may have at that time of her remarriage, but shall hold same during her life time.

"Sixth.—Upon the death of my widow Carrie L. Cottrell, and after payment of her just debts and funeral expenses, I give, bequeath and devise to my four brothers and one sister: Willis H. Cottrell, Asa Cottrell, George C. Cottrell, Andrew J. Cottrell and Mrs. Sallie Curtis, One & no/100 Dollars ($1.00) each, all of whom reside near Stamping Ground, Ky.

"Seventh.—After payment to my four brothers and one sister as directed in section six, I give, bequeath and devise whatever the remainder of my estate, if any, to my brother May F. Cottrell, of Stamping Ground, Ky.; and if my brother May F. Cottrell, should die before the death of my widow Carrie L. Cottrell, then said estate shall revert to my nephew and niece B. F. Cottrell, and Flora Cottrell, children of my brother May F. Cottrell.

"Eighth.—I appoint my brother May F. Cottrell, of Stamping Ground, Ky. executor of this my last will and testament and require that he give no bond for the faithful performance of his trust.

"In witness whereof I have hereunto subscribed my name this 16th day of October, 1928.

"(Signed)   Owen C. Cottrell"

The defendants demurred generally to the petition. This demurrer was overruled, and the defendants declining to plead further, the court entered judgment adjudging that the plaintiff was devised by the will of her husband a life estate in the real estate owned by him at the time of his death, with the right, however, of the plaintiff to use and enjoy a sufficient amount of the corpus to provide for her comfortable maintenance and support, and that whatever remains of the estate is to pass pursuant to clause 7 of the will above. He adjudged that the plaintiff was entitled to the cash balance of $2,937.05 accruing from the sale, and which was being held in escrow by J. C. McKnight and V. A. Bradley, and directed McKnight and Bradley to pay that sum to the plaintiff for her to use such part thereof as may be necessary for her comfortable support and maintenance, but ordered and directed the plaintiff to keep an account of her expenditures from the fund and report to the master commissioner her expenditures annually thereafter. From that judgment this appeal is prosecuted.

It will be immediately noted that the whole contention arises out of the question as to whether or not the plaintiff, with a life estate under the will, is given the further right to encroach upon the corpus for her necessities.

Appellants take the position that the widow takes only a simple life estate without any power of encroachment.

Because we rarely find the wording of any two wills the same, or even sufficiently similar, to warrant a fast and fixed rule of construction sufficiently broad to control all cases, each will must be construed in accordance with its own particular provisions in an endeavor to ascertain the intention of the testator. Cases from this court are legion that a will must be construed from its

four corners. In Nelson et al. v. Nelson et al., 241 Ky. 564, 44 S. W. 2d 555, 556, we said: "The modern tendency of practically all courts is to discard, where it can be done, all technical rules of construction formerly employed in the interpretation of wills, and to ascertain and enforce the intention of the testator as gathered from the will in its entirety. This rule is firmly established in this jurisdiction."

To look at a will in its entirety means that we cannot pick out one sentence and construe it without taking into account other sentences in the will. With this rule in mind let us direct attention to the provisions of this will. In the first place it appears that the testator's dominant purpose was to take care of his widow during her widowhood. To do this he devises all of his estate, with the minor exception cared for in Item 2, to his wife as long as she remains his widow.

Attention is next called to the fact that she has limited power of disposition. Were it unlimited she would obviously have a fee simple title. Power is given her to sell any real estate during widowhood, but she is required to reinvest the money obtained from the sale again in real estate.

In the Fifth Item of the will he directs a further limitation by giving her a simple life estate in the real estate should she marry again, and takes from her the power of sale or disposition.

Considerable light is shed upon the intention of the testator in the Sixth and Seventh Items. The Sixth provides that upon the death of the widow, after payment of her just debts and funeral expenses, his four brothers and sister are to have $1 each. The Seventh provides that after the payment to the four brothers and one sister of $1 that whatever may remain of his estate, if any, go to his brother May F. Cottrell.

Now let us analyze the Sixth and Seventh Items. The power to create a debt against the estate would be an encroachment upon the corpus, and the very fact that provision was made for the payment of her just debts out of the estate is strongly indicative of the fact that the testator had in mind an encroachment upon the estate. It is just as strongly indicative of the fact

that probably the testator had in mind that the income from the estate would be insufficient to provide for his widow's comforts and needs. It is stated in appellee's brief, and undenied, that the widow is, and has been for quite some time, an invalid, and it would be a presumption against human nature to conclude other than that this testator was doing his best to provide for the care and comfort of his wife, and after that was accomplished, he directed where he wanted the remainder of his estate, if any, to go.

The second significant thing, upon the consideration of the Sixth Item, is the devise of $1 each to four brothers and a sister, which meant a total of $5. And, immediately following this, he provides in Item 7 that, after the payment of this sum, which is so insignificant as in no way to depreciate the balance of the estate, whatever remained, if any, go to his brother. Certainly the testator didn't have in mind when he used the words "whatever the remainder of my estate, if any" that this insignificant sum of $5 would make such reduction in his estate as would require or even prompt him to use such significant language. He, doubtless, had in mind whatever of the estate remained after his widow had been cared for.

In support of their position appellants cite a number of decisions. A careful review of these cases reveals that the circumstances and provisions of the will in each case may be distinguished from the instant case. In the case of Taylor et al. v. Taylor, 266 Ky. 375, 99 S. W. 2d 201, 202, we considered the construction of a will where a testator devised all of his property to his widow during her life, and as long as she remained widow, with remainder to testator's blood heirs at death of widow on payment of widow's funeral expenses, and held there that the widow was entitled to life estate only with charge on remainder for funeral expenses.

We call attention to the fact that testator in the instant case provided for charge on remainder for just debts and funeral expenses.

In the Taylor case, above, we said: "Since there is no expression of contingency, we do not see any necessary implication from the language of the will of a right to encroach upon the principal as was found in

668

Trustees Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237. There the bequest of a life estate was coupled with the phrase, 'and at his death should there be anything left.' See, also, Mason v. Tuell, 161 Ky. 392, 170 S. W. 950; Harrington v. Layton, 200 Ky. 630, 255 S. W. 271; Lanciscus v. Louisville Trust Co., Executor, 201 Ky. 222, 256 S. W. 424.''

It will be noted by the above, in distinguishing the Taylor case from the Trustees Presbyterian Church v. Mize, attention was called to the phrase ''and at his death should there be anything left.'' That expression is no stronger than ''whatever the remainder of my estate, if any.'' But here we have in addition a charge on the remainder for the widow's just debts.

Considering the will in its entirety, we, therefore, conclude that the judgment of the court below was correct.

The judgment is affirmed.