**A. David SCHEINMAN et al., Appellants,**

**v.**

**Sol W. MARX et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1969.

Clay L. Morton, Marshall, Cochran, Heyburn & Wells, Louisville, for appellants.

S. Arnold Lynch, Louisville, for appellees.

C. R. WALDEN, Special Commissioner.

This appeal is from a judgment of the Jefferson Circuit Court, adjudging that Samuel M. Steinberg, by the terms of his will, failed to dispose of the fee-simple interest in his estate; and by reason of such failure on the part of the testator, his estate passed as intestate property. There is no disputed issue of fact—only a question of law—which involves the construction of decedent's will.

Samuel M. Steinberg, the testator, a resident of Jefferson County, Kentucky, died on October 26, 1939. His holographic will was probated by the Jefferson County Court on November 1, 1939. The will is copied here in full:

"I, Samuel M. Steinberg, Single, age 52 years, a resident of Louisville, Ky., being of sound mind and disposing memory, declare this to be my last will, hereby revoking any and all wills made by me heretofore.

"I desire all my just debts and funeral expenses to be paid out of my estate. I desire all Government and State inheritance taxes to be paid out of my estate.

"I hereby appoint Grover G. Sales and Sol W. Marx, both of Louisville, Ky., to be the administrators of my estate.

"I bequeath the income from ⅕th of my estate to by brother Phil N. Steinberg, New Orleans, La. At his death this income to be divided equally among my then living nieces and nephews who are at this time, Mrs. Solon Bernstein, New York City, Allan J. Copeland, Chicago, Ill., A. David

Scheinman, Cheswick, Pa., Mrs. Armand D. King, Niles Center, Ill., Mrs. Bernard Becker and Miss Reva D. Steinberg, both of Chicago, Ill., and Jack Steinberg, Jr., of Louisville, Ky.

"I desire the above income to be paid in approximately equal monthly payments.

"I bequeath the income of ⅕th of my estate to my sister, Mrs. Lillie Scheinman, Cheswick, Pa., in approximately equal monthly payments. At her death this income is to be divided thusly—two-thirds to her daughter Mrs. Armand D. King and one-third to her son A. David Scheinman.

"I bequeath the income of one-fifth of my estate to my sister Mrs. J. N. Copeland in approximately equal monthly payments. At her death this income to go to her heir or heirs.

"I bequeath the income of one-tenth of my estate to my niece Mrs. Solon Bernstein of New York City.

"I bequeath the income of one-tenth of my estate to my niece Reva D. Steinberg of Chicago, Ill.

"I bequeath the income of one-thirtieth of my estate to my niece Mrs. Bernard Becker of Chicago, Ill.

"I bequeath the income of one-tenth of my estate to my brother J. J. Steinberg of Louisville, Ky. and hereby cancel any debts owing me by him. The above income to be paid him in approximately equal monthly payments. At his death, this income is to be divided equally among his then living children.

"I bequeath the income of one-fifteenth of my estate to my nephew, J. J. Steinberg, Jr. of Louisville, Ky.

"I bequeath my automobile to my brother, J. J. Steinberg, also my clothing, radios and luggage.

"I bequeath the sum of One Hundred and Fifty Dollars to be paid annually for five years to the B'rith Sholom Congregation. The sum is to provide for a fund the income of which is to be used to care for the graves of my parents, Sister Nell and Brother Sol and my own.

"I hereby cancel all debts owing me by Miss Sophia Lustig of Toledo, Ohio.

"I bequeath to Miss Sophia Lustig the sum of Twelve Hundred & Fifty Dollars, payable $250.00 annually for five years. The payments to Miss Lustig and to the B'rith Sholom Congregation are to be made before the 'Income of my Estate' is to be determined.

"I desire that the administrators of my estate set aside monthly a portion of the net receipts of my real estate in order to pay the necessary insurance, State & County and City taxes, and payment on the mortgage on the Bardstown Road property.

"I do not want any of the following property sold within five years beginning February 6, 1939 unless a sale is made for not more than $500.00 below the cost price of each piece—Apartment house on the N.W. corner of Jackson and Lampton, Property on the N.E. corner of 16th and Broadway about 75 ft. x 200 ft., Filling Station at Bardstown Rd. and Taylorsville Rd., and the lot adjoining thereto 60 ft. wide, average depth about 100 ft. However, if $5,000.00 is offered for this lot, it should be accepted.

"Should the Ballard Petroleum Co. exercise their option by May 1, 1939, to purchase my filling station at the corner of 15th & Jefferson for the sum of twelve thousand dollars, my administrators are directed to pay off the mortgage on my filling station at Bardstown Road and Taylorsville Road. The Kentucky Title Trust Co. has this mortgage for Six Thousand Dollars at the present time.

"I direct that payments of $62.22 be made monthly on this mortgage from the net income of my estate. This mortgage runs ten years beginning Jan. 30th 1939. First payment due Feb. 30, 1939.

"My administrators are to mutually agree upon an alternate administrator who is to serve as one of the administrators in the eventuality of one of them dying. Should they fail to appoint this administrator, The Kentucky Title Trust Co. of Louisville is to act as administrator of this will upon the death of either one."

The testator was unmarried and died without issue. His parents had predeceased him. His heirs-at-law at the time of his death were three sisters and two brothers, all of whom are now deceased, the last survivor having died in 1964. The last of those brothers and sisters to whom testator devised an income from his estate died in 1953. A sister, Bettie S. Ravitch, died in 1964. She was not a beneficiary of the estate. The testator was survived by seven nieces and nephews, all of whom are living and are now receiving the income from decedent's estate as directed by the terms of the will. At the time of his death, testator owned four parcels of real estate situated in Louisville. These same properties now compose the corpus of the estate. During the more than twenty-eight years since decedent's will was probated, appellees, the executors of the estate, have managed the property and distributed the income therefrom as directed by the will.

Appellees brought this suit seeking a declaration of their rights with respect to: (a) direction to whom they should distribute the income and corpus of the estate; (b) establishing the right and power of the executor to make private sales of the real estate under terms of the will; (c) construing the said will and declaring the rights of the parties hereto concerning all matters referred to in their complaint.

Appellees contend that beneficiaries of the estate, both those who receive immediate gifts of income and those who receive secondary income gifts, are life tenants; that no provision is made in the will for distribution of the principal estate after the deaths of the life tenants; and subject to the interests of the life tenants,

the assets of the estate vest in the heirs-at-law of decedent, according to the law of intestacy provided by KRS 391.010.

Appellants contend that the reasonable inference to be drawn from the will is that the testator intended to give to his nieces and nephews in the same proportion as he devised them income the fee-simple interest in the principal estate, and he intended the fee-simple interest to vest upon payment of the mortgage on certain of the property, or the death of his last surviving brother or sister to whom he devised a gift of income, or at the expiration of five years after his death, whichever event occurred last.

The learned chancellor adjudged that:

"The decedent failed to dispose of all interests in his estate by the terms of his Will; he divided his residuary estate into eight unequal parts, disposing in trust only of a beneficial life interest or interests in each part; and as to the remainder of each part, at the termination of the beneficial life interest or interests therein, the decedent died intestate."

Based upon this construction of the will, the trial court's judgment made appropriate orders for the distribution of the income from the estate to the life tenants in such shares as the will gave them and distribution of the corpus of the estate to testator's heirs-at-law, according to the law of intestacy.

We are of the opinion that the chancellor erred in holding that testator died intestate as to the remainder interest of his estate.

Counsel, in their able briefs, have resorted to almost all of the recognized rules of construction to support their arguments.

The cardinal principle in construing a will is, of course, to determine the intention of the testator as gathered from the will in its entirety. When this can be done, the technical rules of construction are not needed and should be

discarded. Cottrell v. Cottrell, 305 Ky. 663, 205 S.W.2d 312; Fitschen v. United States Trust Co., 313 Ky. 700, 233 S.W.2d 405. It is necessary in construing a will to keep in mind at all times that the real answer sought after is not to be found in what the testator meant or intended to say but what is meant by what he actually said. Dunn v. Haley's Trustees, 302 Ky. 323, 194 S.W.2d 635.

In reading the will here in its entirety, from the language used, we have no difficulty in determining the disposition testator made of his estate. First, he willed the income from one-fifth of his estate to his brother, Phil N. Steinberg. At his death this income was to be divided equally among testator's then-living nieces and nephews. The nieces and nephews named in the will are all living. Second, he bequeathed the income of one-fifth of his estate to a sister, Mrs. Lillie Scheinman. At her death this income was to be divided as follows: two-thirds to the sister's daughter, Mrs. Armand D. King, and one-third to her son, A. David Scheinman. Third, he bequeathed the income of one-fifth of his estate to a sister, Mrs. J. N. Copeland. At her death this income was to go to her heirs-at-law. Fourth, he bequeathed to his nieces, Mrs. Solon Bernstein and Reva D. Steinberg, each, the income from one-tenth of his estate, and the income from one-thirtieth of his estate to Mrs. Bernard Becker, also a niece. Fifth, he bequeathed the income of one-tenth of his estate to a brother, J. J. Steinberg. At his death this income was to be divided equally among his then-living children. Sixth, he bequeathed the income of one-fifteenth of his estate to J. J. Steinberg, Jr., a nephew.

The other provisions of the will provided for cancellation of certain debts owed the testator, the disposition of his automobile, the maintenance of family graves, and a cash bequest to Miss Sophia Lustig. He also directed how he desired his executors to pay these cash bequests. Other provisions of the will direct how he wants his executors to manage his estate. He directs the executors not to sell certain parcels of the real estate for a period of five years, unless the sale is made for not more than $500 below the cost price of each parcel. He recognizes that one parcel of real estate is under option. If this option is exercised, he directs his executors to use a sufficient amount of the purchase money to pay off a mortgage on other real estate; but if this debt is not thusly satisfied, he directs the executors to continue to make the monthly payments on the mortgage.

From the express language used by the testator, it is clear that he willed to four of his brothers and sisters unequal parts of the net income from his estate so long as they lived. At the deaths of the brothers or sisters, the income from the parts of the estate which they had received would go to designated nieces and nephews or to the deceased brothers' or sisters' heirs-at-law, whichever was specified, with no limitation on the time such niece, nephew, or heir-at-law would receive such income. He willed to three of his nieces and one of his nephews the income from unequal parts of his estate without limitation as to the time they would receive such income.

Unquestionably, the will at bar makes an unqualified bequest of the net income from unequal parts of testator's estate directly to three nieces and a nephew, and an unqualified bequest of the net income to other of testator's nieces and nephews from the other unequal parts of decedent's estate upon the termination of the devises for life of such income to testator's brothers and sisters.

KRS 381.060 provides:

"Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

This court, by reason of this statute, has consistently and often held that such unqualified gift of rents, profits, and income passes the fee-simple title thereto. Winn v. William, 292 Ky. 44, 165 S.W.2d 961; Shedd's Adm'r v. Gayle, 288 Ky. 466, 156 S.W.2d 490; Bain v. Hardin, 223 Ky. 792, 4 S.W.2d 745.

The general rule is stated in Shedd's Adm'r v. Gayle, supra:

"By virtue of Kentucky Statutes, section 2342, [now KRS 381.060] the unqualified devise of the rents and profits of real estate passes the fee-simple title thereof. Bain et al. v. Hardin et al., 223 Ky. 792, 4 S.W.2d 745, 746. And, under a bequest or gift of the interest or income of a fund without any limitation as to time, the principal will be regarded as bequeathed also. Wilkinson v. Rosser's Ex'r, 104 S.W. 1019, 31 Ky. Law Rep. 1262; Hussey v. Sargent, 116 Ky. 53, 75 S.W. 211; Webber's Gdn. v. Webber's Adm'r, 175 Ky. 525, 194 S.W. 805." Id. 156 S.W.2d 492.

■ This principle also applies to gifts over, as in the case at bar, upon the termination of prior life estates. Shedd's Adm'r v. Gayle, supra.

The chancellor, in his able findings of fact and conclusions of law, mentions several of the directives and requirements the testator specified for his executors to follow in the administration of the estate and seems to have based his judgment upon the belief that such directives, such as making payments on the mortgage, setting aside sufficient sums to pay the insurance and taxes and the like, mitigated against the theory that the testator intended for the beneficiaries of income interests to take the fee-simple title thereto. As before stated, it is our view that such matters are only directives to the executors in the management and administration of the estate—not limitations or provisions which relate to the disposition of the corpus of the estate. Furthermore, as we see the proposition, the question is not what the testator intended to do, but what he actually did by the express terms of the will—giving to the language used its ordinary meaning.

■ Appellees raise the question that if the appellants take the fee-simple interest, when did such estate vest, in view of the fact that some of the beneficiaries were devised immediate gifts of income and others gift over of income; and further, how could such beneficiaries take a fee-simple interest if some of the life beneficiaries died before the mortgage was satisfied? The answer is that the fee, whether immediate or in remainder, vested as of the date of death of the testator, but the beneficiaries thereof were not entitled to possession until such time as the duties imposed on the executors by the terms of the will had been fully executed, such as satisfying the mortgage and paying the specific bequests as directed in the will.

In a separate order, the trial court adjudged that the executors had the authority to consummate private sales of testator's real estate. No appeal was taken from this order.

■ It is the opinion of the court that the nieces and nephews named in the will are the fee-simple owners of the corpus of said estate in the same proportions as the testator devised them income therefrom.

The judgment is reversed with directions to enter a new judgment in conformity with the opinion.

All concur.