Carie E. WELCH et al., Petitioners,

v.

Eugene STRAACH et al., Respondents.

No. B–5205.

Supreme Court of Texas.

Nov. 5, 1975.

Spafford, Gay & Whitham, James C. McCoy and Warren Whitham, Dallas, for petitioners.

Passman, Jones, Andrews, Coplin, Holley & Co., Ronald M. Holley, and Richard E. Young, Stanford & Dunaway, DeWitt O. Dunaway, Dallas, for respondents.

STEAKLEY, Justice.

The problem here is whether the testamentary instruments in question devised the homestead to the surviving widow in fee simple determinable, or created only a life estate determinable. The testator, James Madison Welch was married twice, the second time to Effie Mae Welch on March 20, 1940. Welch executed a holographic will on September 18, 1945 which, as relevant here, reads:

"2. . . . I will . . . unto my beloved wife, Mrs. Effie M. Welch, the homestead upon which we are living, together with all household and kitchen furniture, the family automobile, and such personal properties not otherwise specifically designated in this will, that may be then situated on said homestead.

"3. I will . . . unto my beloved children . . . the residue of my property . . .."

Thereafter, the time not being shown by the record, Welch executed two holographic codicils designated "Supplement to Section 2" and "Supplement to Section 3." The former is relevant here and reads as follows:

"Supplement to Sec. # 2.

"This homestead shall remain in her possession as long as she live and remains a widow, but upon marriage to another man, such homestead shall revert to the

children or their heirs as named in this will."

Welch died in November, 1951 and the will and two codicils were admitted to probate on the following December 18. Effie Mae Welch, his surviving widow, who has not remarried, occupied the homestead until October 27, 1970 on which date she conveyed the property to respondent Eugene Straach.

Thereafter this suit was filed by Carie E. Welch, et al., children of Welch by his first marriage. Their claim is that Effie Mae Welch was devised only a defeasible life estate in their father's undivided one-half of the homestead, and that they were vested with the remainder in and to such interest. Their prayer was for judgment declaring the deed to Straach to be of no force and effect as to their interest, for removal of cloud upon their title, for an accounting of the rents and profits received by Straach and for a lien on the interest of Straach to such extent.

The trial was upon an agreed statement of facts. The trial court rendered a take-nothing judgment against Carie E. Welch et al. and in so doing did not reach the additional relief sought by them. The judgment of the trial court was affirmed by the Court of Civil Appeals, 518 S.W.2d 862. It was the view of the courts below that the words of the codicil are unclear and ambiguous and may not be given the effect of reducing the initial fee simple devise; thus, this estate was subject to reversion only in the event of the remarriage of the surviving widow. Our view is otherwise and so we reverse and remand.

This Court said in *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412 (1887):

In construing the will, all its provisions should be looked to, for the purpose of ascertaining what the real intention of the testatrix was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument.

█ This Court has also on a number of occasions considered informal language used by a layman who did not have legal advice in drawing a will. We have said that in such instances the Court will not construe lay language technically but will do so liberally in the endeavor to arrive at the intent of the testator. *Gilkey v. Chambers,* 146 Tex. 355, 207 S.W.2d 70 (1947); *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147 (1945); *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885 (1960). These writings do not mean that the courts will redraft a lay will, but only that the intent of the testator reasonably manifested in the language he used will be enforced.

█ It is clear that Welch, the testator here, intended his codicil writing to disturb and alter the previous fee simple devise of the homestead. He drafted factors wholly absent from his original writing. It is equally clear that he did not intend to limit this change to the event of the remarriage of his wife since his first words were that "This homestead shall remain in her possession as long as she live." These words were superfluous if Welch was writing only with respect to the remarriage of his wife; they may not be disregarded in the search for his intent when he wrote the codicil. The language he used indicates that Welch was thinking of the homestead in terms of use and occupancy, rather than in terms of a specific piece of property. The devise in the will speaks of "the homestead"; and the codicil speaks of his wife remaining in possession. No particular form of words is necessary to the creation of a life estate. *Guilliams v. Koonsman,* 154 Tex. 401, 279 S.W.2d 579 (1955). *See* also *Taylor v. Taylor,* 266 Ky. 375, 99 S.W.2d 201 (1936) in which the Court ruled that a life estate was created by language similar to that used by the testator here: ". . . I want my wife Mary F. Taylor, to have during her life and as long as she remains my widow, all my real estate . . . .."

322

We recognize the force of the rule invoked by the courts below and urged by respondents Straach, et al., that a fee simple devise will be enforced unless it is limited by express words. The words of the codicil did so here and all parts of the testamentary writings of Welch are to be harmonized and given effect in effectuating his intent. As expressed in *Powers v. First National Bank of Corsicana*, 138 Tex. 604, 161 S.W.2d 273 (1942), all rules of construction have been worked out by the courts to ascertain the intention of the testator and before it all such rules fall; and it is always permissible, in fact proper, to look beyond mere grammatical form to what may be termed the internal evidence of the writer's intention.

The judgments below are reversed. As stated in the forepart of this opinion, there are other issues to be resolved under the pleadings of Carie E. Welch et al. The cause is therefore remanded to the trial court for further proceedings consistent with this opinion.