

**NUMBER 13-11-00438-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE ESTATE OF KENNETH WAYNE WALKER, DECEASED

**On appeal from the 1A District Court
of Tyler County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Vela**

This is an appeal from a trial court order granting declaratory relief interpreting the will of the deceased, Kenneth Wayne Walker.[1] By one issue, appellant Lucy Ann Walker, Kenneth's widow, urges that the trial court erred in ruling that she received a life estate interest in certain real property with a fee simple absolute remainder interest to appellee, Greg Walker. Appellants Mary Ann Orr and Charlotte Orr, nieces of the decedent, acting pro se, argue that the trial court erred by: (1) ruling that Greg Walker

---

[1] This case is before the Court on transfer from the Twelfth Court of Appeals in Tyler pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

was to receive a 100% remainder interest in the real property at issue; (2) denying their request to probate the will of Fannie Mable Walker (the Orrs' grandmother and Kenneth's mother); and (3) severing their claim to real property from the probate proceedings. We affirm.

## I. BACKGROUND

On July 19, 2010, Lucy Ann filed an application to probate the will of Kenneth Walker, her deceased husband, who died on July 10, 2009. She urged that Kenneth had left a valid will, dated February 14, 2009. Greg, Kenneth's son, moved to clarify the will and requested that the trial court enter a declaratory judgment that Kenneth's will granted Lucy Ann only a life estate in the home and real estate located in Tyler County and to clarify that he was to receive a 1960 model Ford truck and all of Kenneth's guns. Mary Ann and Charlotte Orr also sought to clarify the will, complaining that some of the property at issue should not pass through Kenneth's will as it belonged to Fannie Mable Walker, whose estate was never probated. The trial court's judgment was that the decedent's will was ambiguous and the trial court declared that Lucy Ann received a life estate in the real property and home in Tyler County, with a 100% remainder interest in the real estate and home to Greg, who would also receive fee title to the 1960 Ford truck and fee title to Kenneth's guns. The court also distributed 25% of the oil, gas, and mineral interests each to Lucy Ann, Greg, Mary Ann and Charlotte. All asbestosis proceeds with respect to an asbestosis case involving the decedent were awarded 50% each to Lucy Ann and Greg.

## II. STANDARD OF REVIEW

When a trial court enters a declaratory judgment after a bench trial, the court of appeals applies a sufficiency standard to review the findings of fact and reviews the trial court's conclusions de novo.   *See Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied).   A trial court's conclusions of law may be reversed only if they are erroneous as a matter of law.   *Villagomez v. Rockwood Specialties, Inc.*, 210 S.W.3d 720, 748 (Tex. App.—Corpus Christi 2006, pet. denied); *see also Ramirez v. Calhoun County,* No. 13–09–00018–CV, 2009 WL 5135632, at *4 (Tex. App.—Corpus Christi Dec. 29, 2009, no pet.) (mem. op.).

In analyzing the legal sufficiency of the evidence that supports a finding, we review the record in the light most favorable to the findings, and indulge every reasonable inference that supports it.   *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

Here, the trial court filed findings of fact and conclusions of law, concluding that Kenneth's holographic will clearly intended to create a life estate in the real property to Lucy Ann and a remainder interest to Greg.

## III. ANALYSIS

### A.  Lucy Ann Walker

Lucy Ann first complains that the trial court erred in construing Kenneth's will to give her a life estate with a fee simple absolute remainder interest to Greg.   Kenneth's will provided, in pertinent part:

> The following are my wishes:
>
> 1.   My land is never to be divided.

3

2. I leave my house, rent house and land to my wife, LUCY ANN WALKER.

3. If LUCY ANN WALKER no longer wishes to preside [sic] on this property, she is to sell houses and property to my son, GREG WALKER at a fair price.

If LUCY ANN WALKER deceases [sic] while residing at this property, property and houses go to my son, GREG WALKER.

If land and houses have been sold to GREG WALKER and GREG WALKER predeceases LUCY ANN WALKER, all property and houses go back to LUCY ANN WALKER.

4. Oil royalties are to be distributed as follows: 25% to LUCY WALKER, 25% to GREG WALKER, 25% to MARY ANN ORR AND 25% to CHARLOTTE ORR.

5. GREG WALKER is to receive 1960 MODEL Ford Pickup. LUCY WALKER is to receive the 2006 Nissan and 2002 Pickup.

6. GREG WALKER is to receive all my guns.

7. LUCY ANN WALKER will receive my guns, 1960 model Ford pickup, 50% of oil royalties should GREG WALKER predecease LUCY ANN WALKER.

In construing a will, all provisions should be reviewed for the purpose of ascertaining the true intention of the testator. *Welch v. Straach*, 531 S.W.2d 319, 322 (Tex. 1975). If the true intent can be ascertained from the language of the instrument, then any particular paragraph of the will which, if considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument. *Id.* (citing *McMurray v. Stanley*, 6 S.W. 412, 413 (Tex. 1887)). In construing a will, courts are to consider the entire instrument, giving effect to every part of it, if possible. *Deegan v. Frost Nat'l Bank*, 505 S.W.2d 428, 430 (Tex. Civ. App.—San Antonio 1974, writ ref'd). The general intent of the testator, derived from considering the entire will, should prevail

4

over the specific intent shown by the language of a particular clause. *Id.* at 431. A life estate is created where the language of the will manifests an intention on the part of the testator to pass to the first taker a right to possess, use or enjoy property during the period of his life. *Miller v. Wilson*, 888 S.W.2d 158, 161 (Tex. App.—El Paso 1994, writ denied).

The question in *Deegan* was whether the will of Aileen Deegan Davis conveyed fee simple title to certain shares of stock or a life estate to her sister. 505 S.W.2d at 429. The court held that the first language of the gift bequeathed an absolute fee simple estate. *Id.* at 431.[2] In subsequent language, however, the testator made clear that the gift to her sister was a life estate.[3] The court held that the language of the will clearly and expressly manifested an intent to give her sister an interest which would end upon her death. *Id.* at 431.

Here, the trial court: (1) determined that the will was a holographic will, drafted by the decedent, who was a lay person; (2) analyzed the will as a whole, not relying on the technical meaning of words or phrases in solely interpreting the will; (3) found that the will had a remainder clause to decedent's son, Greg; and (4) found that the words used clearly intended to create a life estate in Lucy Ann and a remainder interest in Greg Walker. These findings and conclusions reflect a proper application of the rules of construction that we have previously outlined. We hold that the trial court's findings of fact are supported by the evidence and its conclusion of law was proper based on the pertinent legal authorities. We overrule the issue of Lucy Ann Walker.

---

[2] "I give my sister Eunice Deegan Ivers all personal belongings such as car, furniture . . . All cash in banks, stocks, and first mortgages at the time of my death."

[3] "After the death of my sister Mrs. Eunice Deegan Ivers I wish my entire estate . . . to go to my mother . . . ."

**B. Mary Ann and Charlotte Orr**

By their first issue, appellants, Mary Ann and Charlotte, complain that the trial court erred when it denied the probate of their grandmother, Fannie Mable Walker's, will. Fannie Mable Walker, was the mother of the decedent who died in 1992. The record contains no motion, application or request to probate her will, thus we may not address it for the first time on appeal. *See* TEX. R. APP. P. 33.1. Regardless, the only documents Mary Ann filed involved a motion to toll the statute of limitations and to set aside a 1992 warranty deed from their deceased mother, Marguerite Griffith, and the decedent. These pleadings were severed from the probate action and are not part of this appeal. The trial court's order did not address, in any way, the will of Fannie Mable Walker.

By their second argument under issue one, the Orrs complain of the trial court's grant of a temporary restraining order and temporary injunction which was directed to Lucy Ann, not the Orrs. The temporary injunction precluded Lucy Ann from such things as: removing or harvesting timber, destroying or reducing the value of the property, selling or encumbering the property, incurring indebtedness, altering financial records, etc. We see nothing in this injunction that would either affect or harm the Orrs. In any event, the trial court issued a final declaratory judgment in this case which had the effect of mooting the temporary injunction. *See Isuani v. Manske-Sheffield Radiology Group, P.A.,* 802 S.W.2d 235, 236 (Tex. 1991); *see Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 716 (Tex. App.—Dallas 2003, no pet.). We overrule the Orrs' first issue.

By issue number two, the Orrs argue that the trial court erred by conveying a 100% remainder interest in the real estate and home to Greg Walker. The Orrs urge that the

6

judgment of the trial court is "premature and should be secondary to the heirship determination that would follow from the probate of the will of Fannie Mable Walker and from the pleadings appellant put forth in the motion to set aside warranty deed No. 92-3147." As previously noted, no motion or request to probate the will of Fannie Mable Walker was made in this case. Thus, no error has been preserved. We overrule issue two.

By issue three, the Orrs challenge the severance order that severed the probate proceedings from their motion to toll the statute of limitations and set aside the warranty deed from their mother to the decedent. The Orrs claim that a 1992 warranty deed signed by their mother to the decedent, was procured through fraud and undue influence committed by an attorney, not a party to this will contest. The Orrs claim that in 1992, the mineral rights should have been reserved to their mother and not conveyed to the decedent.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. This rule grants the trial court broad discretion in the matter of severance and consolidation of causes. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A trial court's decision regarding severance will not be reversed absent an abuse of discretion. *Id.* A claim is properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Id.*; *In re J.W.,* 113

7

S.W.3d 605, 611–12 (Tex. App.—Dallas 2003, pet. denied). Appellee points to several dispositive impairments that would preclude the claims made by the Orrs. Regardless, the Orrs can pursue all of their claims consistent with the severance order. The trial court did not abuse its discretion. We overrule issue three.

## IV. CONCLUSION

Having overruled all of appellants' issues, we affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
23rd day of August, 2012.

8